JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

HENRY EDWARD DIAZ,

      Petitioner,

v.

STU SHERMAN, Warden,

      Respondent.

Case No. CV 20-10934 ODW (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

      The Court summarily dismisses Petitioner's habeas action without prejudice as successive under 28 U.S.C. § 2244.

* * *

      1.    Petitioner is a state prisoner serving a sixteen-year prison term for manslaughter.

      2.    Petitioner previously sought federal habeas relief in this district regarding his manslaughter conviction. The Court denied relief on the merits. <u>Diaz v. Sherman</u>, CV 19-591 ODW (MRW) (C.D. Cal.).

1  According to the Court's docket, Petitioner did not seek appellate review of
2  that decision.

3      3.    The current petition appears to challenge his manslaughter
4  conviction again.  However, the petition was not accompanied by a
5  certificate from the Ninth Circuit authorizing a second or successive
6  petition under 28 U.S.C. § 2244.

7      4.    The Attorney General moved to dismiss the action as an
8  unauthorized second or successive petition under 28 U.S.C. § 2244.  Under
9  that provision of AEDPA, the Attorney General contends the Court does
10  not have jurisdiction over the current action.  (Docket # 5.)

11      5.    Magistrate Judge Wilner ordered Petitioner to file a response
12  to Respondent's dismissal motion.  The order expressly advised Petitioner
13  that failure to respond to the order may result in a recommendation that
14  the matter be dismissed for failure to prosecute.  (Docket # 6.)

15      6.    Petitioner failed to submit a timely response.  Judge Wilner
16  then ordered Petitioner to show cause why the government's motion to
17  dismiss should not be granted, and why he failed to oppose the motion as
18  required by the local rules.  The OSC also warned Petitioner that his
19  failure to respond will lead to a dismissal recommendation.  (Docket # 7.)

20      7.    To date, Petitioner has not responded to Judge Wilner's order
21  to show cause or the government's dismissal motion.

22      * * *

23      8.    If it "appears from the application that the applicant or person
24  detained is not entitled" to habeas relief, a court may summarily dismiss a
25  habeas action.  28 U.S.C. § 2243; <u>see also</u> Rule 4 of Rules Governing
26  Section 2254 Cases in United States District Courts (petition may be
27  summarily dismissed if petitioner plainly not entitled to relief); Local Civil
28

Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

9. Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. Id.; Burton v. Stewart, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action when prisoner "neither sought nor received authorization from the Court of Appeals before filing").

10. "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it." Brown v. Muniz, 889 F.3d 661, 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to bring successive habeas action); Prince v. Lizzaraga, 733 F. App'x 382, 384 (9th Cir. 2018) (prisoner "must first apply to this [appellate] court for permission to have his petition heard in the district court").

11. Local Rule of Court 7-9 requires a party to file a memorandum stating the basis for that party's opposition to a motion. Local Rule 7-12 states that the "failure to file any required document [ ] may be deemed consent to the granting or denial of the motion."

\* \* \*

12. Petitioner's current habeas action is subject to summary dismissal. The petition challenges the same manslaughter conviction for which he already received habeas review in this federal court. Petitioner does not appear to have obtained permission from the Ninth Circuit to bring a new habeas action in this Court.

13. Further, despite a clear scheduling order from the assigned magistrate judge and subsequent OSC, Petitioner failed to file a timely opposition in response to the motion. Petitioner's failure to respond to the dismissal motion signifies his consent to the dismissal of the action as successive. L.R. 7-12.

14. For these reasons, the Court does not have jurisdiction under Section 2244(b)(3)(A) to review Petitioner's habeas claims. The current petition must be dismissed for lack of jurisdiction. 28 U.S.C. § 2244(b); Burton, 549 U.S. at 156; Brown, 889 F.3d at 667; Prince, 733 F. App'x at 384.

\* \* \*

Therefore, the present action is hereby DISMISSED without prejudice as successive.

IT IS SO ORDERED.

Dated: April 14, 2021

HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE